```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
CHRISTOPHER JACKSON,           :
                               :       NO. 1:11-CV-00091
        Plaintiff,             :
                               :
    v.                         :
                               :       OPINION AND ORDER
MICHAEL ASTRUE,                :
Commissioner of Social         :
Security,                      :
                               :
        Defendant.             :
```

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11), Defendant's Objections (doc. 12), and Plaintiff's Reply (doc. 13). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and REMANDS this matter under Sentence Four of 42 U.S.C. § 405(g).

**I.  Background**

Plaintiff filed his application for disability insurance benefits ("DIB") alleging a disability onset date of June 17, 2003, due to both physical and mental impairments (doc. 11). His application was denied initially and upon reconsideration (Id.). Plaintiff then requested a hearing, which he received in December 2006, before the administrative law judge ("ALJ"), who subsequently also denied benefits (Id.). The Appeals Council remanded the case for further development, and a second hearing was held, after which the ALJ again denied benefits (Id.).

The ALJ found that Plaintiff had the following severe impairments: "residual back and neck impairments due to injuries sustained in a motor vehicle accident, also a pain disorder, depression, anxiety, and alcohol abuse" (Id.). However, the ALJ concluded that none of such impairments alone or in combination met or medically equaled an impairment in the Listings (Id.). The ALJ further determined that though Plaintiff could not perform his past relevant work, there are sedentary jobs he could perform that exist in significant numbers in the national economy (Id.). Accordingly the ALJ determined Plaintiff is not under disability and is not entitled to DIB (Id.).

Plaintiff timely appealed the ALJ's decision to this Court. The Magistrate Judge found well-taken Plaintiff's Statement of Errors that the ALJ erred in improperly weighing the evaluations of two of his treating physicians, Drs. Wander and Downey (doc. 11). The Magistrate Judge further found the ALJ failed to properly evaluate the evidence in accordance with the regulations and that the ALJ's hypothetical question failed to take into account some of Plaintiff's moderate limitations (Id.). As such, the Magistrate Judge recommended a remand of this matter for further proceedings (Id.). Defendant filed its Objections (doc. 12), and Plaintiff his Reply (doc. 13), such that this matter is ripe for the Court's consideration.

**II.    The Magistrate Judge's Report and Recommendation**

Plaintiff contended in his Statement of Errors that the ALJ erred in improperly weighing the evaluations of two of his treating physicians, Drs. Wander and Downey (doc. 7). The Magistrate Judge found such assignments of error well-taken (doc. 11). The Magistrate Judge found the ALJ purportedly relied instead on the findings of Drs. Eggerman and Fridman, who each examined Plaintiff on one occasion (Id.). The Magistrate Judge specifically noted that "the claimant's hobby of drawing for hours at a time suggests he can indeed maintain concentration and attention to detail" (Id.). However, the Magistrate Judge noted that Plaintiff testified at the hearing that he often sits in the woods with a pad of paper and looks at the paper and simply loses his thought and has nothing on the paper after several hours (Id.). Under these circumstances, the Magistrate Judge found the ALJ improperly inserted his non-medical opinion relating to limitations caused by Plaintiff's depression and anxiety, without providing "good reasons" to reject the treating physicians' opinions (Id.).

The Magistrate Judge further found the ALJ failed to properly apply the "special technique" for evaluating the severity of a mental impairment at steps two and three of the analysis, in accordance with 20 C.F.R. § 404.1520a(a) (Id.). Accordingly, the Magistrate Judge recommended that the Court remand this matter for further proceedings so the ALJ can properly evaluate the medical

3

evidence of record in accordance with agency regulations and controlling law (Id.). In addition, the Magistrate Judge found the ALJ's hypothetical question did not clearly identify an individual with moderate deficiences in concentration, persistence or pace in light of his mental impairments consistent with Ealy v. Commissioner of Soc. Sec., 594 F.3d 504 (6th Cir. 2012) (Id.). As such, the Magistrate Judge instructed the ALJ to be mindful to insure such limitations are included in the hypothetical question to the vocational expert (Id.).

**III. Defendant's Objections**

Defendant objects to the remand of this matter, contending the ALJ reasonably evaluated the evidence relating to Plaintiff's mental impairments (doc. 12). Defendant contends the ALJ's analysis was more robust than simply relying on Plaintiff's statement about his artistic efforts, and that the ALJ relied on more than just the opinions of the consulting physicians (Id.). Defendant contends the ALJ noted that pyschologist Dr. Farell evaluated Plaintiff in 2006 and diagnosed him with depressive disorder, documenting a GAF score of only 65, indicating only mild symptoms or functional limitations (Id.). Defendant reiterates the findings of Drs. Eggerman and Fridman, the consulting doctors, and argues the ALJ was justified in relying on their conclusions (Id.). In Defendant's view treating physician Downey's notes provide no findings consistent with "her extreme opinions" (Id.). Similarly,

4

Defendant contends treating physician Downey was merely a short-term treating psychologist whose notes did not support his opinion of Plaintiff's poor functioning (Id.). According to Defendant, the ALJ properly accorded little weight to the "outlying" opinions of the treating physicians, as three other opinions in the record were that Plaintiff could function with certain restrictions (Id.). As such, Defendant contends the ALJ's analysis is supported by substantial evidence and should be affirmed (Id.).

**IV. Plaintiff's Reply**

Plaintiff replies that the opinions of treating physicians Drs. Wander and Eggerman were consistent with one another and with other substantial evidence in the record (doc. 13). Plaintiff contends Defendant makes a faulty attempt to show the ALJ's decision is supported by substantial evidence (Id.). First, Plaintiff notes that though Defendant contends Dr. Farrel's report is consistent with the ALJ's decision, such report noted complaints of difficulties with focus and concentration/memory (Id.). Moreover, Plaintiff contends that Dr. Eggerman did not specifically address concentration/attention while Defendant stated it was not unreasonable for the ALJ to imply no deficit in concentration/attention (Id.). Defendant further contended the ALJ was entitled to conclude Dr. Fridman found no deficits in Plaintiff's ability to maintain attention, concentration or pace given the other conclusions in his report (Id.). Plaintiff argues

5

Defendant essentially asserts the ALJ may imply or is entitled to find no deficits in concentration/attention from other findings in the reports, even though the reports never mentioned or addressed concentration/attention (Id.).

Plaintiff further asserts because the non-treating physicians made no explicit findings as to Plaintiff's ability to maintain attention/concentration, persistence or pace, while the treating physicians found poor to no ability as to ability to maintain concentration, it is clear that the ALJ substituted her own non-medical opinion with regards to such limitations (Id.). Finally, Plaintiff contends the ALJ's decision is internally inconsistent while finding moderate limitations in one portion of her decision, while affording no limitations for the same in the RFC (Id.). Accordingly, Plaintiff argues a remand is appropriate for the ALJ to properly assess the severity of Plaintiff's impairment in attention/concentration and the restrictions in the RFC (Id.).

**V. Discussion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Defendant's objections are unavailing as it is clear to the Court that the ALJ here relied more on non-treating source opinions than the treating physician opinions, contrary to well-established law. The Court further finds correct

the Magistrate Judge's observation that the hypothetical question posed to the VE in this matter lacked inclusion of Plaintiff's mental limitations. Under these circumstances a remand is appropriate.

**VI. Conclusion**

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither Party filed any objections thereto within the fourteen days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation well taken in all respects. Accordingly, the Court ADOPTS and AFFIRMS such Report and Recommendation (doc. 11), REVERSES the decision of the Commissioner to deny Plaintiff DIB benefits and REMANDS this matter under Sentence Four of 42 U.S.C. § 405(g). On remand the ALJ is instructed to 1) properly assess and evaluate the opinion evidence; and 2) properly evaluate Plaintiff's mental impairments using the special technique outlined in 20 C.F.R. 404.1520a and provide a clear explanation for the

conclusions reached therein.  As no further matters remain pending for the Court's review, this case is CLOSED.

       SO ORDERED.

Date: February 29, 2012       s/S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge